RENDERED: SEPTEMBER 28, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky

2017-SC-000297-KB

DATE 10|10|17 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                                MOVANT


V.                                        IN SUPREME COURT


ALAN RICHARD STEWART                                              RESPONDENT


## OPINION AND ORDER

On April 26, 2017, the Wisconsin Supreme Court suspended Alan Richard Stewart for nine months.[1] Thereafter, the KBA filed a petition with this Court asking that we impose reciprocal discipline pursuant to SCR 3.435(4). We ordered Stewart to show cause why we should not impose such discipline and he failed to respond. Because Stewart failed to show cause as to why we should not impose reciprocal discipline, this Court hereby suspends him from the practice of law for nine months, as consistent with the order of the Wisconsin Supreme Court.

---

[1] Stewart was admitted to the practice of law in the Commonwealth of Kentucky on May 21, 1993. His bar roster address is 46 Brentwood Lane, Appleton, Wisconsin, 54915, and his KBA number is 84734.

# I. BACKGROUND

Stewart represented clients in two separate patent applications. The clients paid Stewart advanced fees, for a combined amount in excess of $12,000, but Stewart failed to draft the applications or perform any other meaningful work. Stewart did not respond to his clients' attempts to contact him and he failed to keep them reasonably informed about the status of their cases. Stewart did not refund the fees his clients had advanced to him, and did not return his clients product sample and papers even after the clients requested their return. Stewart failed to respond to the ensuing bar complaints or to additional requests for information.

The Wisconsin Supreme Court order indicates that Stewart admitted to violating Wisconsin's equivalent of Kentucky's SCR 3.130-1.3 for failing to act with reasonable diligence and promptness in representing his clients; -1.4(a)(3) and (4) for failing to keep his client reasonably informed about the status of his case and failing to promptly comply with reasonable requests for information; -1.5(a) for charging unreasonable fees; -1.16(d) for failing to return unearned fees and failing to surrender clients' property; -8.4(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and -8.1(b) for failing to cooperate in the investigation of his ethical violations.

# II. ANALYSIS

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) generally requires this Court to impose identical discipline. Furthermore, SCR 3.435(4)(c) requires this Court

2

to recognize that "[i]n all other respects" a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. Pursuant to SCR 3.435(4), we impose reciprocal discipline as Stewart failed to prove "by substantial evidence: (a) a lack of jurisdiction or fraud in the [Wisconsin] disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State."

### III. ORDER

Having failed to timely show sufficient cause, it is hereby ORDERED as follows:

1. Stewart is hereby suspended from the practice of law in Kentucky for a period of nine months, effective immediately from the date of entry of this Order;

2. Pursuant to SCR 3.450, Stewart is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Pursuant to SCR 3.390, Stewart shall, within ten days from the entry of this Opinion and Order, notify all Kentucky clients, in writing, of his inability to represent them; notify, in writing, all Kentucky courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel of the KBA.

3

Furthermore, to the extent possible, Stewart shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: September 28, 2017.

_____ CHIEF JUSTICE